Per Curiam.

Appellants contend that Section 5739.10, Bevised Code, so far as it permits the use of test checks outside *462 the actual audit period to determine tax liability for sales made during the audit period is unconstitutional; that appellants’ records of retail sales in excess of 41 cents were adequate; and that the test cheeks were unlawful since they were not made of appellants’ stores but were made of successors’ stores.
If we were to accept the theory advanced in the dissenting opinion that a test check cannot be conducted except during a period when the business belongs to and is operated by the vendor assessed, then the tax department would be powerless to protect the state with respect to the sales-tax obligations of any retail vendor whenever such business is sold or transferred to another. That we do not believe to be the legislative intent of the Sales Tax Act. In the case of Bronowicz, d. b. a. Toledo Original Hot Dog, v. Bowers, Tax Commr., 169 Ohio St., 193 (in which judgment all six members of the court who heard the case concurred), the test check was made “after plaintiff sold the [sandwich and soup] shop and it had been converted into a general restaurant.”
The Board of Tax Appeals, in its opinion under review here, stated, immediately before the paragraph beginning, “Under these circumstances,” and quoted in the dissenting opinion, the following:
“From the testimony and evidence, as presented to the Board of Tax Appeals at the hearing held in Cincinnati, Ohio, it seems clear that appellant did not keep the record of its sales required by Revised Code Section 5739.11, which reads as follows :
“ ‘Each vendor shall keep complete and accurate records of sales of taxable property, together with a record of the tax collected thereon, which shall be the amount due under Sections 5739.01 to 5739.31, inclusive, of the Revised Code, and shall keep all invoices, bills of lading, and such other pertinent documents, in such form as the Tax Commissioner requires by regulation. Such records and other documents shall be open during business hours to the inspection of the commissioner, and shall be preserved for a period of four years, unless the commissioner shall, in writing, consent to their destruction within that period, or by order require that they be kept longer.’
“From the evidence on this point, we can only conclude *463 that the cash register tapes which recorded the sales of merchandise made by the appellant, during the audit period, showed only the total amount of the sale, with no indication thereon whether the sale was a taxable sale or whether it was a nontaxable sale by virtue of being exempt from taxation because of its very nature, that is, a sale of candy, cigarettes, wine, beer, etc.
“It is also apparent from the testimony on this point that the cash register tapes showed all sales, both sales from 40 cents per unit sale and sales under 41 cents per unit sale, but with nothing on the tape to indicate which were sales of taxable merchandise and which were sales of nontaxable merchandise.”
Those are the “circumstances” which the Board of Tax Appeals was considering.
Whether a test check covers “a representative period” is a factual question to be determined by the board, as it was here (and as it was in the Bronowicz case), and the record does not disclose any reason other than change of ownership to lead the Board of Tax Appeals or the court to the conclusion that the test-check periods here were not “representative.”
It should also be noted that the tax imposed by Section 5739.10, Revised Code, is “in addition to the tax levied in Section 5739.02 of the Revised Code and to secure the same objective specified in such section.” Under this language, continued ownership obviously does not have to be an absolute requirement, otherwise the Department of Taxation, where there has been a change of ownership, would be helpless to assess a tax under this section.
This court is of the opinion that the statute in question is constitutional, that the test checks were not unlawful, and that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful. S. S. Kresge Co. v. Bowers, Tax Commr., 170 Ohio St., 405, and Obert v. Evatt, Tax Commr., 144 Ohio St., 492. The decision is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Taet and O’Neill, JJ., dissent.